1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| STONEGATE APARTMENTS L.P., | No. 2:25-cv-01077-DJC-CKD |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| DANA JACKSON, | |
| Defendant. | |

This is an unlawful detainer action brought under California state law by Plaintiff Stonegate Apartments L.P. against Defendant Dana Jackson. On Friday, April 11, 2025, Defendant filed a Notice of Removal in federal court, seeking to remove this action from Sacramento County Superior Court. (Notice of Removal (ECF No. 1).)

A district court has "a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting

jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). In addition, "the existence of federal jurisdiction depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims." *ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000). "The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions*, 599 F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Defendant seems to suggest that removal is proper on the basis of federal question jurisdiction. (Notice of Removal at 1.) "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000) (citation omitted) (quoting *Audette v. International Longshoremen's & Warehousemen's Union*, 195 F.3d 1107, 1111 (9th Cir. 1999)); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485. Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation of avoidance of defenses which it is thought the defendant may interpose." *California*, 215 F.3d at 1014. Accordingly, "a case may not be removed on the basis of a federal

2

1  defense . . . even if the defense is anticipated in the plaintiff's complaint and both
2  parties concede that the federal defense is the only question truly at issue."
3  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Wayne v. DHL Worldwide*
4  *Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v. Discover Bank*, 556
5  U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks
6  somewhere inside the parties' controversy, or that a defense or counterclaim, or that a
7  defense or counterclaim would arise under federal law.").
8       Here, Defendant has not shown that removal of this action to this federal court
9  is appropriate.  Plaintiff's Complaint is a straightforward unlawful detainer action that is
10 based entirely on state law.  A federal claim is not raised in the complaint. (Notice of
11 Removal at 18-19.) "[F]ederal jurisdiction exists only when a federal question is
12 presented on the face of the plaintiff's properly pleaded complaint." *California*, 215
13 F.3d at 1014.  The cause of action brought by Plaintiff here is plainly based on state
14 law.  Defendant's possible reliance on federal law in defending against Plaintiff's state
15 law claims does not suffice to confer jurisdiction on this Court because the defensive
16 invocation of federal law cannot form the basis of this Court's jurisdiction.  *See Vaden*,
17 556 U.S. at 70; *Caterpillar*, 482 U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215
18 F.3d at 1014.  Because there is no federal question appearing in Plaintiff's Complaint
19 in this case, removal on the basis of federal question jurisdiction is improper.
20      If Defendant sought to remove on the basis of diversity jurisdiction under 28
21 U.S.C. § 1332, removal would still be improper.  The Court only has jurisdiction under
22 section 1332 where the amount in controversy in the action exceeds $75,000.  In
23 determining the amount in controversy, courts first look to the complaint.  *Ibarra v.*
24 *Manheim Inv., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).  Generally, "the sum claimed
25 by the plaintiff controls if the claim is apparently made in good faith."  *Id.*  (quoting *St.*
26 *Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Defendant, as the
27 removing party, has failed to establish by a preponderance of the evidence that the
28 amount in controversy exceeded the jurisdictional threshold at the time of removal.

1  *See Canela*, 971 F.3d at 849 (quoting *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996)).  Plaintiff's Complaint seeks $7,169 in unpaid rent and $55.33 per day accruing from February 28, 2025.[1]  (Notice of Removal at 19–20.)  This amount falls well below the $75,000 amount in controversy requirement.  Thus, Defendant has failed to establish that this Court has diversity jurisdiction.  *See Canela*, 971 F.3d at 850.

Because there is no federal question appearing in Plaintiff's Complaint and because the amount in controversy requirement for diversity jurisdiction is not satisfied, Defendant has failed to properly invoke this Court's jurisdiction.[2]  Remand to the Sacramento County Superior Court is therefore appropriate and mandatory.  28 U.S.C. § 1447(c); *Konrad v. Williams*, 2021 WL 3159811 (E.D. Cal. June 2, 2021) (remanding an unlawful detainer action to state court where the defendant claimed the action involved the Fair Housing Act but no such claim was raised in the complaint.)

Accordingly, the Court hereby REMANDS this case to Sacramento County Superior Court for all future proceedings.

IT IS SO ORDERED.

Dated:   **April 11, 2025**

*[signature: Daniel J. Calabretta]*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC1 – lakepointellp23cv01478.remand

---

[1] The Court also notes that the unlawful detainer action is filed as a limited action that does not exceed $10,000.  (Notice of Removal at 18.)

[2] At one point in the Notice of Removal, Defendant cites 28 U.S.C. § 1367 which provides the Court has supplemental jurisdiction over other claims that a related to claims for which the court has original jurisdiction. (Notice of Removal at 2.)  As the Court does not have original jurisdiction for the reasons described above, this statute is inapplicable to the present action.